**Davis Miles**
**McGuire Gardner**

80 E. Rio Salado Pkwy., Ste. 401
Tempe, AZ  85281
Telephone:  (480) 733-6800
Fax: (480) 733-3748
efile.dockets@davismiles.com
Joshua W. Carden, SBN: 02168
jcarden@davismiles.com
*Attorneys for Plaintiff Anita Bargen*

# UNITED STATES DISTRICT COURT OF ARIZONA
## DISTRICT OF ARIZONA

| | |
|---|---|
| Anita Bargen, an individual, | CASE NO.: _____ |
| Plaintiff, | |
| vs. | **ORIGINAL COMPLAINT** |
| Laboratory Corporation of America Holdings, d/b/a LabCorp, a Delaware corporation, | **JURY TRIAL REQUESTED** |
| Defendant. | |

Plaintiff Anita Bargen (hereinafter "Plaintiff"), through undersigned counsel, hereby submits the following as her Complaint against Defendant Laboratory Corporation of America Holdings d/b/a LabCorp (hereinafter "Defendant"):

## SUMMARY

1. Plaintiff brings this action against Defendant for failure to pay overtime wages in violation of the Fair Labor Standards Act (hereinafter "FLSA"), 29 U.S.C. §§ 201-219,

1

and for failure to pay wages under the Arizona Wage Law, A.R.S. §§ 23-250-255 (hereinafter "Arizona Wage Law").

2. Plaintiff seeks unpaid overtime compensation, statutory penalties and liquidated damages owed to her by Defendant for uncompensated overtime hours pursuant to the FLSA.

3. Plaintiff also seeks unlawfully withheld wages, treble damages and statutory penalties owed to her by Defendant for uncompensated regular-time hours pursuant to A.R.S. § 23-355.

4. For approximately two-and-a-half (2.5) years prior to the termination of her employment, Defendant consistently required Plaintiff to work well in excess of forty (40) hours per week, on occasion without paying Plaintiff wages for even 40 hours in violation of the Arizona Wage Law. For unpaid regular-time wages, Plaintiff seeks to recover her unpaid wages, including interest thereon, treble damages, statutory penalties, reasonable attorneys' fees and litigation costs pursuant to A.R.S. § 23-355 and A.R.S. § 12-341.01. Furthermore, Plaintiff seeks to recover unpaid overtime compensation, including interest thereon, liquidated damages, statutory penalties, reasonable attorneys' fees and litigation costs for those hours worked in excess of forty (40) hours per week pursuant to the FLSA.

5. Defendant intentionally, willfully and improperly failed to pay both regular-time and overtime wages to Plaintiff during or at the conclusion of her employment, in violation of both the Arizona Wage Law and the FLSA.

**PARTIES, JURISDICITON AND VENUE**

6. Plaintiff is and at all relevant times alleged herein was a resident of Maricopa County, Arizona. Plaintiff was a full-time non-exempt employee of Defendant for approximately 2.5 years, ending in July 2013.

7. Upon information and belief, Defendant is a Delaware corporation, with its principle place of business in Alamance County, North Carolina.

8. The jurisdiction of this Court is invoked pursuant to 29 U.S.C. §§ 201-219 and 28 U.S.C. §1331. Jurisdiction over pendent state law claims is invoked pursuant to 28 U.S.C. § 1367.

9. Venue is proper under 28 U.S.C. § 1391(b)(2) because Defendant employed Plaintiff within the state of Arizona and all or a substantial part of the events or omissions giving rise to the claims alleged herein occurred in the state of Arizona.

**FACTUAL BACKGROUND**

10. At all relevant times, Defendant was an "employer" and Plaintiff was an "employee" as defined in A.R.S. § 23-350 and 29 U.S.C. § 203(d).

11. Defendant contracted with Plaintiff to employ her as a phlebotomist for approximately two-and-a-half (2.5) years, ending in July 2013.

12. As a phlebotomist, Plaintiff was responsible for obtaining, labeling, recording, and packaging samples taken from patients at one of Defendant's locations and sending them to another location for processing.

13. During the course of her employment, Plaintiff was paid an hourly wage of approximately $14.62/hour.

14. During the course of Plaintiff's employment, Defendant regularly required Plaintiff to work in excess of 40 hours per week.

15. Defendant had an official or unofficial policy of requiring Plaintiff to complete her work "off the clock" if she was not finished by the end of her scheduled hours.

16. Plaintiff's supervisor would find Plaintiff working beyond the end of her scheduled shift in order to complete her workload and tell her something to the effect of "if you're still here, you'd better be off the clock."

17. On some occasions, Plaintiff would be required to clock out and continue working even if she had not reached 40 hours for that workweek.

18. On those occasions, Defendant would not pay Plaintiff her regular wage for those hours worked off the clock up to 40 hours in that workweek, in violation of the Arizona Wage Law.

19. On the occasions when Plaintiff's off the clock hours caused her to exceed 40 hours in a given workweek, Defendant did not compensate Plaintiff for those off the clock hours worked in excess of 40 hours per week for which she was entitled to overtime compensation at the rate of one and one-half times her regular hourly rate, in violation of the FLSA.

## COUNT ONE
**(Failure to Pay Overtime Wages in Violation of the FLSA)**

20. Plaintiff hereby incorporates all paragraphs and allegations of this Complaint as if fully set forth herein.

4

21. At all times pertinent to this Complaint, Plaintiff was an employee of Defendant, and was not covered by an exemption to the FLSA under 29 U.S.C. § 213.

22. At all times pertinent to this Complaint, Defendant failed to comply with 29 U.S.C. § 207 of the FLSA, as Plaintiff worked for Defendant in excess of 40 hours per week, but Defendant failed to pay Plaintiff for those excess hours at the rate of one and one-half times Plaintiff's regular rate of pay as required by the FLSA.

23. Defendant's failure to pay overtime to Plaintiff was willful and deliberate, as Defendant did not act in good faith in failing to pay proper overtime pay, and had no reason to believe their failure to do so was not a violation of the FLSA.

24. Plaintiff suffered economic damages as a result of the unlawful acts of Defendant and is entitled to all statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to, attorneys' fees.

**WHEREFORE,** Plaintiff prays that judgment be entered in her favor and against Defendant with regard to Count One as follows:

A. All unpaid overtime wages unlawfully withheld by Defendant;

B. Liquidated damages pursuant to 29 U.S.C. § 216(b) for unpaid overtime wages, to be determined by the Court at trial;

C. Reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b);

D. Such other further monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

## COUNT TWO
### (Failure to Properly Pay Regular-Time Wages in Violation of A.R.S. § 23-355)

25. Plaintiff hereby incorporates all preceding paragraphs of this Complaint as if fully set forth herein.

26. At all times pertinent to this Complaint, Plaintiff was an "employee" contracted to perform services for Defendant pursuant to A.R.S. § 23-350(2).

27. At all times pertinent to this Complaint, Defendant withheld regular-time wages owed to Plaintiff in violation of A.R.S. § 23-352, including after the termination of the employment relationship in violation of A.R.S. § 23-353.

28. Defendant's failure to pay regular-time wages to Plaintiff was willful and deliberate, as Defendant did not act in good faith in failing to pay regular-time wages, and did not withhold wages pursuant to a good faith dispute as to the amount of wages due.

29. Plaintiff suffered economic damages as a result of the unlawful acts of Defendant and is entitled to statutory remedies provided pursuant to A.R.S. § 23-355, as well as attorneys' fees pursuant to A.R.S. § 12-341.01.

**WHEREFORE**, Plaintiff prays that judgment be entered in her favor and against Defendant with regard to Count Two as follows:

A. All unpaid regular-time wages unlawfully withheld by Defendant;

B. Treble damages pursuant to A.R.S. § 23-355 for unpaid regular-time wages, to be determined by the Court;

C. Reasonable attorneys' fees and costs pursuant to A.R.S. § 12-341.01;

D. Pre- and post-judgment interest on all unpaid regular-time wages, at the highest legal rate;

E. Such other further monetary, injunctive, equitable and declaratory relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

DATED this 3rd of October, 2013.

DAVIS MILES MCGUIRE GARDNER, PLLC

By /s/ Joshua W. Carden
Joshua W. Carden
80 E. Rio Salado Pkwy., St. 401
Tempe, AZ  85281
*Attorneys for Plaintiff*